UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME PERALEZ FLORES, | ) | 1:09-CV-2108 OWW-GSA |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S FAILURE TO FOLLOW A COURT ORDER |
| v. | ) | |
| ROBERT DASCHOFSKY, | ) | [Doc. #2] |
| Respondent. | ) | |

    Plaintiff, Jaime Peralez Flores ("Plaintiff"), is proceeding pro se and filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. On December 2, 2009, Plaintiff filed a motion to proceed in forma pauperis, however, he did not complete the application form. On December 10, 2009, this Court issued an order that within forty-five (45) days, Plaintiff shall file and submit a completed application to proceed in forma pauperis, or in the alternative, pay the $350.00 filing fee. The deadline for filing the completed in forma pauperis application was January 25, 2010. To date, Plaintiff has not complied with the Court's order.

**DISCUSSION**

    Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

1  sanctions . . . within the inherent power of the Court." District courts have the inherent power to
2  control their dockets and "in the exercise of that power, they may impose sanctions including, where
3  appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
4  1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
5  action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
6  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
7  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
8  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of
10 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
11 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
12 lack of prosecution and failure to comply with local rules). In determining whether to dismiss an
13 action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the
14 court must consider several factors: (1) the public's interest in expeditious resolution of litigation;
15 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
16 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
17 alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130;
18 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

19     In the instant case, the Court finds that the public's interest in expeditiously resolving this
20 litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is
21 no indication that the Plaintiff intends to prosecute this action. The third factor, risk of prejudice to
22 defendants, also weighs in favor of dismissal because a presumption of injury arises from any
23 unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
24 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly
25 outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure
26 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
27 requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The
28 Court's order requiring Plaintiff to file a completed in forma pauperis application, or alternatively, to

1  pay the filing fee, was clear that dismissal would result from non-compliance with the Court's order.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 1, 2010**                              /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE